FILED
AUG 09 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>OSWALDO ZUNIGA-SANCHEZ,<br><br>Defendant/Movant. | Cause No. CR 09-23-BU-DWM<br>CV 11-34-BU-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On July 1, 2011, Defendant/Movant Oswaldo Zuniga-Sanchez ("Zuniga"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Zuniga-Sanchez also filed a memorandum in support.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255

Proceedings for the United States District Courts.

## II. Background

On July 22, 2009, following a controlled buy, officers executed a search warrant at Zuniga's residence. They found $7,000 in cash, a firearm, and 87.9 grams of actual methamphetamine. Mem. (doc. 47) at 10. He was charged with several drug-related crimes. On October 29, 2009, he pled guilty to a charge of conspiracy to distribute at least 50 grams of methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). The charge entailed a mandatory minimum sentence of ten years and a maximum sentence of life in prison. Id. § 841(b)(1)(A)(viii).

A presentence report was prepared. Zuniga was responsible for 219.5 grams of actual methamphetamine, so his base offense level was 34. U.S.S.G. § 2D1.1(c)(3). He received a two-point upward adjustment for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) and a three-point downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. His total offense level was 33, and his criminal history category was I. His advisory guideline range was 135-168 months. Sentencing Tr. (doc. 38) at 27:25-29:7. On February 5, 2010, Zuniga-Sanchez was sentenced to serve 135 months in prison, to be followed by a five-year term of supervised release, unsupervised while he is not in the United States. Minutes (doc.

26); Judgment (doc. 27) at 2-3.

Zuniga appealed the sentence. On March 16, 2011, the Court of Appeals affirmed. United States v. Zuniga-Sanchez, No. 10-30042 (9th Cir. Mar. 16, 2011) (unpublished mem. disp.) (doc. 43).

Zuniga timely filed his § 2255 motion on July 1, 2011. 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 532 (2003).

### III. Allegations and Analysis

Zuniga claims trial counsel Michael Bailey was ineffective because he failed to argue that the "parsimony provision" of 18 U.S.C. § 3553(a) required imposition of the mandatory minimum sentence, Mem. at 13-16, or that Zuniga, as a deportable alien, would serve all of his time in prison instead of spending his last year in a community correctional facility, Mem. at 17-18.

Strickland v. Washington, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Zuniga must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[T]here is

no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The arguments Zuniga makes are not compelling. Zuniga was responsible for 219.5 grams of *actual* methamphetamine seized in controlled buys and at his residence. Sentencing Tr. at 25:27-28:3. Those three controlled buys were not the only transactions in which Zuniga engaged, but that is all he was held responsible for. And even that amount is a large quantity of high-quality methamphetamine. Statement of Reasons (doc. 28) at 4 (under seal).

I am well aware of the parsimony provision. E.g., Sentencing Tr. at 29:6 (referring to the advisory guideline range as a "starting point for determining a sufficient but not greater than necessary sentence."); 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"). I am also well aware that illegal aliens do not spend the last portion of their sentences in community correctional facilities. While I said a 120-month sentence would be reasonable and I would probably impose it if the only factor to consider was the need to protect the public, Sentencing Tr. at 33:3-8, I also said, and meant, that Zuniga committed serious offenses and "was not just a transient player in the process," id. at 32:2-8.

And I also said that, considering all the factors, including the sentences received by Zuniga's cohorts, id. at 33:25-34:6, "a sentence of 135 months is a reasonable sentence," id. at 34:12-13.

Had Bailey made the arguments Zuniga suggests, they would not have persuaded me then, and they do not persuade me now, to impose a lesser sentence. Bailey's performance was not unreasonable, and Zuniga suffered no prejudice.

## IV. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, there is no such showing. The facts and law underlying the § 2255 motion, though not explicitly discussed, were known and considered at the time the sentencing decision was made. Although reasonable jurists might have imposed a lower or a higher sentence, reasonable jurists could not find Bailey's performance constitutionally ineffective. Had the arguments Zuniga now makes been made at sentencing, he still would have been sentenced to serve 135 months in prison. There is no need to encourage further proceedings. A COA is not warranted. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Zuniga-Sanchez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 45) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Zuniga files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-34-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Zuniga-Sanchez.

DATED this 9th day of August, 2011.

Donald W. Molloy
United States District Court